# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| Jehu S. Hurtt, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No.: N18A-09-002 SKR |
| | ) | |
| Unemployment Insurance Appeals Board, | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: January 16, 2019
Decided: April 10, 2019

*Upon Appeal from the Unemployment Insurance Appeals Board*:
AFFIRMED.

Jehu S. Hurtt, *pro se*, Appellant.

Victoria W. Counihan, Esq., Deputy Attorney General, Attorney for Appellee
Delaware Division of Unemployment Insurance.

**Rennie, J.**

## ORDER

This 10th day of April, 2019, upon consideration of the *pro se* appeal[1] of Jehu

S. Hurtt ("Hurtt") from the August 27, 2018 decision[2] of the Unemployment

---

[1] Opening Letter Brief ("Opening Br.") (Trans. ID. 62700064); Answering Letter Brief
("Answering Br.") (Trans. ID. 62714643) (Delaware Division of Unemployment Insurance
indicated that it is the real party in interest in this matter and filed the Answering Brief); Reply
Letter Brief ("Reply Br.") (Trans. ID. 62844572).
[2] Record on Appeal at 58–60 ("R. on Appeal"), August 27, 2018 Decision of the Unemployment
Insurance Appeals Board ("Board Decision").

Insurance Appeals Board denying Hurtt's petition for unemployment benefits, and the entire record in this case, it appears to the Court that:

1.  Hurtt was employed by Perdue Foods, Inc. (the "Employer") as a general laborer since December 2016.[3] Sometime in April 2018, Hurtt was injured while on vacation.[4] Hurtt was cleared to return to work by his primary care physician as of April 16, 2018.[5] Hurtt was able to work on April 17–18, 2018.[6] On April 19, 2018, Hurtt was transferred to another department of the Employer and assigned new duties that were different from what he did before.[7] Hurtt could not perform his new job function without pain.[8] Hurtt's Employer had a policy that did not permit injured employees to continue to work with restrictions or pain due to that injury.[9] Hurtt's Employer thus dismissed him on April 19, 2018 based on his inability to work.[10]

2.  Hurtt filed a petition for unemployment benefits. On May 22, 2018, a Claims Deputy denied Hurtt's petition[11] pursuant to 19 *Del. C.* § 3314(8), which provides that an individual shall be disqualified from receiving unemployment

---

[3] Board Decision at 1.
[4] *Id.*
[5] *Id.* at 2. A note from Hurtt's family doctor, dated April 12, 2018, which is made part of the record, indicated that Hurtt was allowed to return to work on April 16, 2018 without any activity restrictions. R. on Appeal at 38, Note from Delaware Primary Care LLC.
[6] Board Decision at 2.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] R. on Appeal at 1, Notice of Determination of Claims Deputy.

benefits if the "total or partial unemployment is due to the individual's inability to work."[12] The statute also provides that such disqualification shall terminate if the individual becomes able to work as substantiated by a doctor's certificate.[13] The Claims Deputy determined that Hurtt was not eligible for benefits, because he was unable to work for medical reasons.[14] Hurtt appealed the disqualification determination to an Appeals Referee. The Appeals Referee held a hearing,[15] and affirmed the Claims Deputy's denial of benefits.[16]

3. Hurtt appealed the Appeals Referee's decision to the Unemployment Insurance Appeals Board (the "Board"). A hearing was conducted on August 22, 2018,[17] and the Board issued a decision, on August 27, 2018, affirming the Appeals Referee. Specifically, the Board found that Hurtt was medically unable to work on and after April 19, 2018.[18] The Board also found that Hurtt did not present any evidence showing he was medically cleared for work.[19] On that basis the Board concluded that Hurtt was disqualified from receiving unemployment benefits under 19 *Del. C.* § 3314(8).[20] This appeal followed.

---

[12] 19 *Del. C.* § 3314(8).
[13] *Id.*
[14] Notice of Determination of Claims Deputy.
[15] R. on Appeal 15–27, Transcript of Appeals Referee Hearing ("Referee Transcript").
[16] R. on Appeal 33–34, Appeals Referee's Decision.
[17] R. on Appeal 44–53, Transcript of Board Hearing ("Board Transcript").
[18] Board Decision at 2.
[19] *Id.*
[20] *Id.*

3

4. The Court's review of an appeal from a decision of the Board is limited to determining whether the Board's decision is "free from legal error" and supported by "substantial evidence."[21] "Substantial evidence" is found where the record contains evidence that "a reasonable mind might accept as adequate to support a conclusion."[22] Hurtt does not assert that any legal error occurred here. Thus, the only issue before the Court is whether the Board's conclusion disqualifying Hurtt from unemployment benefits was supported by substantial evidence. The Court finds that it was.

5. Hurtt contends that he was physically able to and available for work, but simply not permitted by his Employer to stay in his previous position. This is completely contrary to the record. At both hearings that were conducted by the Appeals Referee and the Board, respectively, Hurtt admitted that doing the assigned job duties caused him pain.[23] Hence, his Employer's decision to discharge him was due to his inability to work for medical reasons.[24] Moreover, there is no

---

[21] *Morrison v. Unemployment Ins. Appeal Bd.*, 2013 WL 5786417, at *3 (Del. Super. Oct. 18, 2013) (internal citations omitted).

[22] *Id.* (internal citations omitted).

[23] *See* Appeals Referee Transcript at 7 ("[I]t was causing a lot of pain shooting up my spine."); Board Transcript at 8–9 (Hurtt indicated that doing his work was "painful."). Hurtt also went through several medical procedures to address this problem. *Id.* at 9.

[24] Hurtt's Employer also indicated that it would hold his position until Hurtt obtained necessary treatment and was cleared for work. Appeals Referee Transcript at 9, 11.

4

documentation in the record releasing Hurtt back to work.[25] Hurtt attached two exhibits to his appellate briefs which purportedly serve as the statutorily required certificate demonstrating his ability to work.[26] These two documents were not submitted to the Board, and not part of the record. Therefore, the Court cannot take them into consideration in this appeal.[27]

6. Based on the foregoing, the Court concludes that there is substantial evidence in the record supporting the Board's finding that Hurtt's unemployment was due to his inability to work. Therefore, the Board's denial of Hurtt's unemployment benefits on that basis is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

---

[25] At the Board hearing, Hurtt claimed that he was cleared to return to work the Monday after the hearing, but did not provide supporting documentation to the Board. Board Transcript at 9 (Hurtt said he left the document in his car).

[26] Opening Br., Ex. A, Note from Dane Street, Boston, MA, dated October 26, 2018; Reply Br., Ex. A, Note from Dane Street, Boston, MA, dated August 9, 2018.

[27] The Court's review of a Board decision is limited to the record established below. _Lewis v. Unemployment Ins. Appeals Bd._, 2016 WL 1613212, at *2 (Del. Super. Apr. 1, 2016) (citing _Hubbard v. Unemployment Ins. Appeal Bd._, 352 A.2d 761, 763 (Del. 1976)). As noted by the Board in its decision, Hurtt would "no longer be disqualified to receive benefits" if he "can show proof to the Department [of Labor]" in the future that he "has been medically-cleared for work." Board Decision at 3 n.5. This is also corroborated by the Division of Unemployment Insurance in its Answering Brief. Answering Br. at 3 n.2.

5